We're going to follow the same procedure, 15 minutes for each side. The appellants can save a portion of that 15 minutes for rebuttal. We'll start with the appellant's argument and you can each introduce yourselves when you step up to the podium. Mr. Court Counsel. For the record, my name is Terry David Slough. I'm here with my associate and colleague Jeffrey Marks. We represent the appellant, Amelia Chee. Our offices are in Rolling Meadows. The issue before the court today is this is a matter regarding the trial court's decision that the appellee responded in that manner, had no obligation to pay 513 child support under the Marriage and Dissolution Act, assumed to 513A2, because the two children born of the relationship to the appellee and the appellant had already obtained child support. The appellant has already obtained their baccalaureate degree. Also, I believe baccalaureate degree is synonymous with undergraduate degree. There's no dispute about that, I don't think, is there? I don't believe so. I believe it's clear. Is there a point where the obligation under that, Section 513, ends to continue your studies? It's a fair question. There would be a statute of limitations on the cause of action, regardless of what it's about, right? I believe, and it's raised in the appellee's brief. Could it be 5 years, 10 years, 15, or 50? I believe I'm quoting their brief exactly. But that's without regard to the statute of limitations. He's right. Correct. Plus, there's also the Lachey's argument. Also, did the parties comply with the requirements of 513A2 and 513B, regarding whether these children even qualified for the certain 513 college support. Therefore, I believe that the argument that this is opening this up for eternity should fail. Because it fails under the facts of this case because the age of the individuals? Well, in this instance, when the children involved in this case, the child Samuel Chee, who was born on October 5, 1985, obtained his baccalaureate degree from Loyola University in May of 2008. The child Mary Chee, born on November 28, 1986, obtained her baccalaureate degree in May of 2009. Both of these children graduated, I believe, from Loyola University of Chicago. There's sort of an interesting fact pattern to this case. My client, the appellant, filed an action for dissolution of marriage in the Circuit Court of Cook County, 3rd District. It was transferred by local rule to the downtown, the 1st Municipal District, as provided by rule. At that point, there was litigation, and eventually the appellee answers the petition for dissolution of marriage and files a counterpetition to have the October 29, 1984 marriage ceremony between these two individuals in the state of California declared invalid because he was still married to a woman in the Philippines. That he says in his declaration to declare the California marriage invalid occurred sometime in August 1984, more specifically August 21. So the appellee in this case, knowing that he was still married to an individual in the Philippines, has a solemn marriage ceremony in the state of California. These people live together, as my client thought, as husband and wife for many, many years. They have these two wonderful children born. They own properties. The marriage fell apart, like many, many marriages do in this country and in this county, and there was a separation period. When Mary Chee, the youngest child, obtained her baccalaureate degree from Loyola in May of 2009, the mother came to us and we filed the action for petition for dissolution of marriage. And since then, we had the issues of the case went to court. We had filed a motion for judgment on the pleadings. Why did we do that? Because one of the main purposes, other than to dissolve the marriage, we wanted to have the father make contribution to these college expenses, which he hadn't had. He hadn't done. So we filed this motion and the trial court judge, Judge Matheen, heard the matter on May the 5th of 2010 and entered this order, the order not entering a dissolution of marriage, but under 5301 the marriage was invalid. Do you think, though, that that had anything to do with her interpretation of the statute? Of 513? I don't understand the question. The fact that she eventually declared the marriage void. Yes. Do you think that had anything to do with her interpretation of the statute that after a certain date she didn't have authority to award educational expenses? I don't believe that. I believe they were mutually exclusive. All right. I believe they were mutually exclusive. So what's the rule that you believe should exist? Good question. Absolutely. Do you want us to hold that any expenses incurred before the degree was awarded can be awarded even after the degree has been awarded as long as the expenses were incurred before? Right. And it's limited to an undergraduate or baccalaureate degree. I understand that, yeah. But that's really what it comes down to. What you're basically saying is that receiving a degree on any given day doesn't cut off the obligation of the parent for expenses that were incurred prior to the degree being awarded, even though the suit that may be filed in order to enforce it is filed after the degree is awarded. And to that extent, that may be Justice Cahill's bringing up the statute of limitations because it seems like this – That would be an additional limitation. It is an additional limitation. If it were filed outside of the statute of limitations. No, I'm saying that obtaining the BA degree serves as a statute of limitations because by then, if you haven't sought reimbursement, then it's too late. Well, that's where I would disagree. I do not believe that the interpretation of 513A2, when it obtains a baccalaureate degree, is meant to be a statute of limitation date. Okay, you get the sheepskin May of 09. You're done. That's it. I don't – our interpretation of the statute is that – It's a straightforward problem. The statute really doesn't answer it, does it? I agree. I mean, I – and we strongly disagree with any theory that 513A2 is in itself some form of a statute. All right. Why don't we hear from the other side, and then you'll have a chance to give us additional argument. Very well. May it please the Court? Ava Chilopakis on behalf of Appellee Samuel Shea. A counsel for appellant brought up an issue that they were living together as a happy family. These parties, they were married in California. Let's go to Justice McBride's question. Does that have anything to do with the issue that's really before us? Does that impact how the trial judge ruled? It does not. Okay. The only issue was brought up that they've been living separate and apart for over 20 years. He's never been to Illinois, just to clarify. I maintain that specifically the statute, A2, does have that specific termination language. That is – it is not ambiguous. It clearly states that unless – That's a perfectly logical reading of the statute. So what if she doesn't get the bill until afterwards or doesn't know how much? The child, the first child, Samuel Jr., obtained his degree May 2008. May 2009, the second child obtained a degree. June 2010 is when she came in for a petition for college compensation. So how much time would you have given her after the May 08 or the June 09? Any time at all? Any time at all, yeah. Well, the petition wasn't filed while the child was in school. How much time would you give her? I mean, how much time does the law give her? Once a petition is filed, that case can go on. Everything is looked at. Provided that the petition were filed before the degree was awarded. Correct. And that's your position. Correct. So she would have to just make claims for unspecified amount if she doesn't know what? Usually we see a tuition. We see what scholarships have been obtained. There's documentation that's brought forth. But once a petition is filed pursuant to that statute, there's the timeline. Okay. But as far as you're concerned, the awarding of the degree is an absolute cutoff for filing a petition? Absolutely. And there's nothing ambiguous about that. And as we stated, one can come in 10, 20, 50 years and see. And the legislator's intent is not to produce an absurd or unjust result. But you have to admit that 10, 15, 20 years later is quite a distance more than, say, a year. Six months. Or six months. True. Three months. But the children were in college. At no point was a petition filed. But wasn't the petition for dissolution pending, though, while they were getting their degrees? It was actually filed after the petition for dissolution was filed December 4th, 2008. Both children had graduated college. I apologize. The daughter hadn't graduated. Graduated in 2009. I apologize. You are correct. May 2009. But the son had graduated in the spring. May 2008. Correct. So one of the children had not graduated. Correct. And what would be the theory behind not allowing for these expenses that had been incurred before? Nowhere in the petition for dissolution did they seek any college contribution. In the prayer, they were not seeking any college contribution. And even the lower court, the trial court, stated that their petition for college contribution Well, it's obvious this petition was pending before the court. I mean, I don't But it was a petition for dissolution. It was not a petition pursuant to Section 513, college contribution. Two different petitions. There's also the Peterson case, which the appellate court didn't even rule on, chose not to address the issue because the oldest child's college expenses were incurred prior to the filing of the petition seeking allocation of college expenses. So the appellate court didn't even rule on that. Chose to leave it because there was not a proper petition filed. It was not a timely petition. It was not filed. For the reasons set forth, I ask that the lower court's decision be affirmed. All right. Thank you very much. Thank you. A very brief rebuttal, counsel? Yes. May it please the court and counsel, first of all, the record will reflect that on April 26th of 2010, in our motion for judgment on the pleadings, there is relief requested for contribution to The judgment on the pleadings filing was for the dissolution. Yes. Well, before the May 5th, 2010 order, which found that the marriage to be invalid. But I'm asking the court, when looking at the April 26th, 2010 petition, and reading the specific language that's set forth in May 5th, 2010 order, where Judge Mathien entered an order that the marriage in California was invalid, there's specific language in there that the court retained jurisdiction for purposes of Section 513. Therefore, it was raised on April 26th of 2010, when there was both a petition for dissolution pending, along with the petition to declare the marriage invalid. The court, hearing arguments of counsel, entered the order. But, again, there was language in there that the court retained jurisdiction for this purpose. Therefore, it's contemplated it was certainly brought up on that day, and it was filed and made a record prior. The only real question in this case is whether or not the awarding of the degree cut off your right to reimbursement. If the court, in my brief, I don't know how much time I have. Just a minute. Okay. I would ask the court to look at the Bennett case. The Bennett case dealt with the issue. It's in your brief? It is. Of retroactive child's educational expenses as brought forth. Just tell us the holding or why you think it's in this case. It allows the expenses occurred previously to be recaptured as expenses at a later time. So it supports your position? We believe so very strongly. All right. Well, thank you very much. Thank you. The case will be taken under advisement.